**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CRIMINAL ACTION NO. 3:12CR-121-C**

**COMMONWEALTH OF KENTUCKY**                    **RESPONDENT/PLAINTIFF**

**v.**

**JASON ONTERIA MASON**                         **PETITIONER/DEFENDANT**

**MEMORANDUM OPINION**

Unrepresented by counsel, the petitioner/defendant, Jason Onteria Mason,
filed a notice of removal of his Jefferson County criminal state-court proceeding
(12F009663) to federal court. He states that the ground for removal is "Diversity
of Citizenship." He advises that he attempted to file an "affidavit of fact to appear
in court" by special appearance to gain access to his criminal case file but that the
state district court did not accept the affidavit. He further advises that he told his
public defender numerous times of the need to file a removal to federal court.

A state defendant may remove his criminal prosecution only as provided in
28 U.S.C. § 1443. This section permits removal of a criminal action by a
defendant:

> (1) Against any person who is denied or cannot enforce in the courts of
> [a] State a right under any law providing for the equal civil rights of
> citizens of the United States, or of all persons within the jurisdiction
> thereof;
>
> (2) For any act under color of authority derived from any law providing
> for equal rights, or for refusing to do any act on the ground that it would
> be inconsistent with such law.

28 U.S.C. § 1443.

With respect to subsection (1), a removal petition must satisfy a two-pronged test. *See Johnson v. Mississippi*, 421 U.S. 213 (1975). "First, it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Johnson*, 421 U.S. at 219 (quoting *State of Georgia v. Rachel*, 384 U.S. 780, 792 (1966)).

> Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1).

*Id.* (citing *City of Greenwood v. Peacock*, 384 U.S. 808, 825 (1966)). Second, a petitioner must show that he cannot enforce the specified federal right in state court. *Johnson*, 421 U.S. at 219. "This provision normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case." *Id.* (quoting *Rachel*, 384 U.S. at 799, 803) (internal quotation marks omitted). Mason's petition alleges neither racial inequality nor a formal expression of state law preventing him from enforcing his rights in state court. Mason, therefore, meets neither prong of the two-pronged test, and removal is not proper under § 1443(1).

Nor does Mason's criminal action satisfy the alternative bases for removal under § 1443(2). "The first clause [of subsection (2)], 'for any act under color of authority derived from any law providing for equal rights . . .[,]' has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979) (citing *Peacock*, 384 U.S. at 815). As to the second clause of § 1443(2) ("for refusing to do any act on the ground that it would be inconsistent with such law"), "[i]t is clear that removal under that language is available only to state officers." *Peacock*, 384 U.S. at 824 n.22; *Detroit Police Lieutenants and Sergeants Ass'n*, 597 F.2d at 568 ("We believe that this provision of the statute was designed to protect state officers from being penalized for failing to enforce discriminatory state laws or policies by providing a federal forum in which to litigate these issues."). As Mason is neither a federal officer nor a person assisting a federal officer in the performance of his duties nor a state officer, neither clause of § 1443(2) applies.

Because removal is not authorized under § 1443, the court is without jurisdiction to entertain Mason's criminal action.[1] By separate order, the court will

---

[1] Should Mason believe that his federal constitutional rights have been violated during his criminal proceeding, he should first exhaust his available state-court remedies and then file a federal habeas petition under 28 U.S.C. § 2254.

dismiss Mason's action and summarily remand the matter to state court pursuant to

28 U.S.C. § 1455(b)(4).[2]

The court will enter an order consistent with this memorandum opinion.

Signed on  October 9, 2012

*Jennifer B Coffman*

**Jennifer B. Coffman, Judge**
**United States District Court**

---

[2]Pursuant to § 1455(b)(4), "If it clearly appears on the face of the notice [of removal of a criminal prosecution] and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."